ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 JUN 30 AM 10: 04

CLERK L. Glendon
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

KEVIN LOVELL MONTGOMERY, SR.,

Plaintiff,

v.

CV 604-142

WARDEN RICH; DR. SAAD; JIM DAVIS; and THE COMPANY THAT HOLDS THE OPERATING CONTRACT FOR THE TREATMENT PLANT,

Defendants.

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff filed the above-captioned civil rights case on December 3, 2004 and paid the $150.00 filing fee. Because he is proceeding *pro se*, the Court provided Plaintiff with some basic instructions regarding the development and progression of this case. (Doc. no. 4). In those instructions, the Court explained that Plaintiff is responsible for serving the defendants and explained how service could be accomplished. (Id. at 1-2). Moreover, the Court specifically informed Plaintiff that under Fed. R. Civ. P. 4(m), he had 120 days to accomplish service and that the failure to accomplish service could result in dismissal of unserved defendants from this lawsuit. (Id. at 2). Plaintiff was also reminded of the service requirement in the Court's March 23, 2005 Order. (Doc. no. 6, p. 2 n.2). When the 120 days

allowed for service had elapsed, and there was no evidence in the record that Dr. Saad, Jim Davis, or The Company that Holds the Operating Contract for the Treatment Plant had been served, the Court directed Plaintiff to show cause why these three defendants should not be dismissed without prejudice for failure to effect service. (Doc. no. 11).

In response, Plaintiff submitted a waiver of service of summons form for Dr. Saad. (Doc. no. 12). He also stated that he sent the service of summons form to each of the defendants. However, Plaintiff did not provide any proof of service for Jim Davis or The Company that Holds the Operating Contract for the Treatment Plant. The Court re-iterated to Plaintiff that regardless of whether he mailed the waiver of service of summons forms, once they were not returned, he was responsible for arranging for personal service to be effected. (Doc. no. 16, p. 2). Nevertheless, the Court also granted Plaintiff an extension of time until June 6, 2005 to effect service on Jim Davis and The Company that Holds the Operating Contract for the Treatment Plant and explained that if service had not been accomplished by that date, these two defendants were subject to dismissal without prejudice. (Id. at 2-3).

In response to that extension until June 6th, Plaintiff again requested another extension of time to effect service because he had not located a service address for the unserved Defendants. As described in detail in a simultaneously issued Order, Plaintiff gave no indication that he had utilized the discovery tools available to him to locate these two unserved defendants, and based on his lack of information, he was no closer to completing service. Thus, the Court denied Plaintiff's second request for an extension of time to effect service.

Under Fed. R. Civ. P. 4(l), "[i]f service is not waived, the person effecting service shall make proof thereof to the court." The extended time period for service has now elapsed, and there is neither a waiver of service nor any other proof of service in the record. As the Court explained in its April 22nd Show Cause Order, under Fed. R. Civ. P. 4(m), the courts have discretion to extend the time for service with no predicate showing of good cause. (Doc. no. 11 (citing Henderson v. United States, 517 U.S. 654, 662-63 (1996); Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005)). The Rule now provides that an action shall be dismissed without prejudice as to an unserved defendant if service of the summons and complaint is not made within 120 days after the filing of the complaint or within a time specified by the Court. Fed. R. Civ. P. 4(m). Here, the complaint was filed on December 3, 2004. (Doc. no. 1). After the expiration of the 120-day period contemplated for service, the Court granted an extension of time and directed that service be accomplished by June 6, 2005. Service was not accomplished, and there is no indication from Plaintiff that he has utilized the discovery methods available to him to even fully identify both unserved Defendants, let alone to attempt to locate them.

Moreover, the Advisory Committee Note to Rule 4(m) provides some guidance as to factors that may justify an extension of time for service. Such considerations include if a defendant is evading service or if the statute of limitations would bar a refiled action. Horenkamp, 402 F.3d at 1132-33 (citing Advisory Committee Note to 1993 Amendment to Rule 4(m)). Here, there is no indication that there is a statute of limitations problem. Nor

is there any support for the conclusion that the unserved defendants are evading service.[1] Finally, although the Advisory Committee Note recognizes that courts should take care to protect *pro se* plaintiffs from confusion or delay related to the resolution of an *in forma pauperis* petition, Plaintiff in this case paid the filing fee at the time he filed the complaint; thus, there is no issue related to *in forma pauperis* status.

In sum, Plaintiff has not timely effected service within the 120-day period provided for by Rule 4(m) or within the extended period provided by the Court. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Jim Davis and The Company that Holds the Operating Contract for the Treatment Plant be **DISMISSED** without prejudice from the case.

SO REPORTED and RECOMMENDED this 30th day of June, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1]Plaintiff suggests that the two Defendants who have answered are "concealing facts" concerning a service address for the remaining two defendants. (Doc. no. 17, p. 1). However, as noted above, Plaintiff has apparently not put any such request for information in an interrogatory to Defendants Rich or Saad. Moreover, that Defendants Rich and Saad have not volunteered service information does not show that Jim Davis and The Company that Holds the Operating Contract for the Treatment Plant are evading service. Indeed, it does not appear that Plaintiff has even identified the actual company that he intends to sue, let alone a service address for this anonymous company.

# United States District Court
## *Southern District of Georgia*

MONTGOMERY

vs

RICH

CASE NUMBER CV 604-142

DIVISION STATESBORO

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 06/30/05, which is part of the official record of this case.

Date of Mailing: 06/30/05

Date of Certificate [X] same date, or ____________

Scott L. Poff, Clerk

By: [signature]
Joe Howell, Deputy Clerk

Name and Address

KEVIN LOVELL MONTGOMERY SERVED @ PRISON ADDRESS
EDDIE SNELLING, JR., ESQ.

- [ ] Copy placed in Minutes
- [ ] Copy given to Judge
- [X] Copy given to Magistrate