IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| KEVIN LOVELL MONTGOMERY, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 604-142 |
| | ) | |
| WARDEN RICH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation to which objections have been filed. Plaintiff objects to the recommendation that Defendants Jim Davis and The Company that Holds the Operating Contract for the Treatment Plant be dismissed under Fed. R. Civ. P. 4 for failure to timely effect service. However, the record reflects that this case was filed on December 3, 2004, and that the Magistrate Judge repeatedly warned Plaintiff about his responsibilities for effecting service prior to entering a Show Cause Order. The Magistrate Judge also gave Plaintiff an extension of time to effect service that allowed him well over the standard 120 days to complete service before recommending that these two unserved Defendants be dismissed from the case.

Plaintiff's objection that the Magistrate Judge deprived him of the opportunity to conduct discovery in order to determine service addresses is without merit. According to the

Scheduling Notice in this case, discovery does not close until September 26, 2005. (Doc. no. 15). The Magistrate Judge has done nothing to indicate that Plaintiff could not utilize discovery to find out information about his opponents and about his case. To the contrary, the Magistrate Judge specifically explained various discovery devices in his January 6, 2005 Order. (Doc. no. 4, p. 4).

However, Plaintiff now maintains that he has submitted interrogatories to Warden Rich and Dr. Saad requesting a service address for the other two Defendants and argues that the Magistrate Judge erred in his June 30, 2005 Order when he did not order Warden Rich and Dr. Saad to provide addresses in response to the interrogatories. (Objections, pp. 2-3). A district court reviewing a Magistrate Judge's decision on a nondispositive issue "shall consider . . . objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); Weeks Stevedoring Co., Inc. v. Raymond Int'l Builders, Inc., 174 F.R.D. 301, 303 (S.D.N.Y. 1997). In his motion requesting that the Court compel the production of service addresses, Plaintiff did not follow the requirements of Loc. R. 26.5 for filing a motion to compel.[1] For example,

---

[1]Loc. R. 26.5 states:

**LR 26.5 Discovery Motions and Objections.** Discovery motions in accordance with Rules 26, 33, 34, 36, and 37 of the Federal Rules of Civil Procedure and objections relating to discovery shall:

    (a) quote verbatim each interrogatory, request for admission, or request for production to which a motion or objection is taken;

    (b) include the specific ground for the motion or objection; and

    (c) include the reasons assigned as supporting the motion, which shall be written in immediate succession to one another. Such objections and grounds shall be addressed to the specific interrogatory, request for

Plaintiff did not file a statement certifying that he had made a good faith effort to work out the problem with opposing counsel. Nor did Plaintiff provide the Court with a copy of the interrogatory he now claims to have submitted that requested the service address, let alone a copy of the contested response from Warden Rich and Dr. Saad. It is well settled that a motion may be summarily denied for failing to comply with a court's local rules. See Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979) (*per curiam*).

In sum, there was nothing clearly erroneous or contrary to law in the Magistrate Judge's June 30th Order that denied Plaintiff's request that Warden Rich and Dr. Saad be compelled to provide a service address for the two unserved Defendants. Plaintiff fails to show that he has utilized the discovery processes available to him to aid in determining service addresses, and he has not filed sufficient information which could be construed as a valid motion to compel. Although Plaintiff makes a statute of limitations argument, the Court is unconvinced that these two Defendants should not be dismissed without prejudice. Specifically, Plaintiff is not losing his entire case forever; rather the Court is dismissing the two Defendants whom Plaintiff has failed to timely serve. The Court will not allow the issue of service to bog down this case when Plaintiff, despite repeated requests for extension of time, has simply made no progress in meeting his responsibilities under Rule 4 with respect

---

admission, or request for production and may not be made generally.

Counsel are reminded that Fed. R. Civ. P. 26(c) and 37(a)(2) require a party seeking a protective order or moving to compel discovery to certify that a good faith effort has been made to resolve the dispute before coming to court.

The Magistrate Judge alerted Plaintiff to Loc. R. 26.5 in his January 6, 2005 Order. (Doc. no. 4, p. 4).

to Defendants Jim Davis and The Company that Holds the Operating Contract for the Treatment Plant.

Plaintiff also objects that the Magistrate Judge erred in his June 30th Order by not construing the amended complaint as asserting a disability claim under the Rehabilitation Act, and he asks that this Court "reverse and remand" on this issue. (Objections, p. 2). Again, this Court reviews the Magistrate Judge's order on a nondispositive matter to determine if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); Weeks Stevedoring Co., Inc., 174 F.R.D. at 303. Upon review of the June 30th Order, the Court finds that Plaintiff has misconstrued the Magistrate Judge's ruling. Although the Magistrate Judge noted that he was unable to decipher the exact nature of Plaintiff's claims and against whom such claims had been brought, the motion to amend was granted.[2] (Doc. no. 21, p. 4). Plaintiff was simply instructed to file one, comprehensive amended complaint that included all of his claims in one document. As the Magistrate Judge explained, this is preferred method for amendment in the Eleventh Circuit. The Magistrate Judge did not prohibit Plaintiff from bringing a Rehabilitation Act claim, and the Order is not clearly erroneous or contrary to law. However, because of the apparent confusion, Plaintiff shall have fifteen (15) days from the date of this Order to serve his comprehensive complaint on defense counsel

---

[2]Moreover, the Magistrate Judge was not screening the amended complaint in accordance with the *in forma pauperis* statute because Plaintiff has paid the filing fee. There is no recommendation for dismissal in the Magistrate Judge's June 30th Order of any Rehabilitation Act claim that Plaintiff believes he may have.

4

for Warden Rich and Dr. Saad.[3] Counsel shall then file an answer to the amended complaint as necessary.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Defendants Jim Davis and The Company that Holds the Operating Contract for the Treatment Plant are **DISMISSED WITHOUT PREJUDICE**. Additionally, all Objections to the Magistrate Judge's June 30, 2005 Order are **OVERRULED**.

SO ORDERED this ___1___ day of August, 2005.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3]The Court notes that Plaintiff filed a "Statement of Claim" on July 10, 2005. (Doc. no. 25). However, that document does not contain a Certificate of Service, as required by Loc. R. 5.1, certifying that it was served on opposing counsel. Thus, the opposition has not been given a chance to respond, and the title of the document does not indicate that it is the amended pleading contemplated by the Magistrate Judge's June 30th Order. In fact, the first line of the document suggests that Plaintiff may want to add the State of Georgia and the Georgia Department of Corrections as Defendants, as well as want to add new claims against existing Defendants. However, such a request must be in a motion which is served on defense counsel and which would then be analyzed for compliance with Fed. R. Civ. P. 15(a), as well as for compliance with the deadlines in the Scheduling Notice issued in this case on May 9, 2005.

# United States District Court
## Southern District of Georgia

Kevin Lovell Montgomery, Sr.  )

vs  )  CASE NUMBER  CV604-142

Warden Rich, et al  )  DIVISION  STATESBORO

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated August 1, 2005, which is part of the official record of this case.

Date of Mailing: August 1, 2005

Date of Certificate  ☐ same date,  or _____

Scott L. Poff, Clerk

By: _____
Deputy Clerk

Name and Address

Kevin Lovell Montgomery, Sr., GDCID#222838, Men's State Prison, M-3-21, P.O. Box 396, Hardwick, GA 31034
Eddie Snelling Jr., 40 Capitol Sq., SW, Atlanta, GA 30334-1300

☐ Copy placed in Minutes
☒ Copy given to Judge
☐ Copy given to Magistrate