ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 DEC 14 PM 12:52

CLERK _L. Fletcher_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| KEVIN L. MONTGOMERY, | ) |
| Plaintiff, | ) |
| v. | ) CV 604-142 |
| WARDEN RICH, DR. SAAD, | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On August 19, 2005, defendants in this Title 42, United States Code, Section 1983 action filed a motion to dismiss. Docs. 29, 30. The Court later converted the motion to a motion for summary judgment. Doc. 34. Plaintiff filed his response to the motion on August 26, 2005. Doc. 32. Plaintiff later filed a motion for a "continuance" of the Court's consideration of defendants' motion based on the failure of defendants to provide discovery. Doc. 38. The Court granted the motion and ordered defendants to complete discovery. The Court also ordered defendants to certify their compliance, and instructed plaintiff that he would have twenty days from the date defendants certify compliance to file any further response to the summary judgment motion. Doc. 41. Defendants certified compliance with the Court's order on October 21, 2005. Doc. 42. Plaintiff has been given adequate opportunity to supplement his prior response to the summary judgment motion. For the reasons that follow the Court **REPORTS** and **RECOMMENDS** that defendants' motion for

summary judgment be **GRANTED**, that this case be **DISMISSED**, and that judgment be **ENTERED** in favor of defendants.

## I. BACKGROUND

According to plaintiff's complaint, plaintiff, a prisoner now at Men's State Prison in Hardwick, Georgia, was working in a water treatment facility in 2002 while he was housed at Rogers State Prison. He contracted hepatitis C around that time, and he alleges that unsafe work conditions at the water treatment facility caused his illness. Plaintiff asserts that defendant Rich, the prison warden, was aware of the unsafe work conditions at the facility. He also alleges that defendant Saad, a doctor at the prison, has not treated his illness.

As grounds for summary judgment, defendants assert that plaintiff's claims were filed outside the two-year statute of limitations period for filing Section 1983 claims,[1] that defendant Rich should not be held liable under a theory of respondeat superior, and that plaintiff has failed to exhaust his claims through the prison grievance system.

## II. DISCUSSION

### A. Exhaustion

Under Title 42, United States Code, Section 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

---

[1]Plaintiff states that he first learned of his condition on December 19, 2002. The instant action was filed on December 3, 2004, within the two year limitations period.

administrative remedies as are available are exhausted." The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). "This provision entirely eliminates judicial discretion and instead mandates strict exhaustion, 'irrespective of the forms of relief sought and offered through administrative avenues.'" Johnson v. Meadows, 418 F.3d 1152, 1155 (11th Cir. 2005) (citing Booth v. Churner, 532 U.S. 731, 741 n.6 (2001)).

Plaintiff in this case did not file a grievance concerning the alleged unsafe working conditions leading to his illness. He does cite two grievances, one filed on September 8, 2004, claiming that he had been denied a biopsy, and one filed on July 24, 2003, claiming that his doctor had changed the medication prescribed for his illness. Both grievances were denied by the prison warden and denied again on appeal. Def. Ex. 1. Thus, plaintiff has exhausted his administrative remedies with respect to any claims that might arise out of those grievances.

Plaintiff, however, has not exhausted his claim alleging unsafe working conditions at the water treatment facility. "The plain language of the statute makes exhaustion a precondition to filing an action in federal court." Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). Because plaintiff has not exhausted his administrative remedies for his unsafe working conditions claim, that claim must be dismissed from this action.

**B. Medical Treatment**

In his complaint, plaintiff alleges that defendant Saad, in November 2002, refused "to render the necessary medical treatment required for his injuries and [did not seek] a second

3

medical opinion." Doc. 3 at 2. Plaintiff alleges elsewhere that Dr. Saad "refused to treat plaintiff or recommend he be sent to a specialist doctor." Doc. 25 at 4. The Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment on prisoners. Campbell v. Sikes, 169 F.3d 1353, 1362 (11th Cir. 1999). The Supreme Court has held that Eighth Amendment claims have both an objective and a subjective component: (1) the prisoner must allege a deprivation that is "sufficiently serious" to implicate constitutional concerns and (2) the prisoner must demonstrate that the prison official had a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 297-98 (1991)). "Deliberate indifference," the requisite state of mind for all Eighth Amendment claims except excessive force, requires proof that the defendant disregarded a risk of harm of which he knew. Farmer, 511 U.S. at 829, 837 (rejecting objective test and adopting subjective one).

Because a prisoner is unable to care for his medical needs as a result of his incarceration, the Eighth Amendment requires prison authorities to provide medical care for those they incarcerate. Estelle v. Gamble, 429 U.S. 97, 103 (1976). Based on this rudimentary principle, the Supreme Court concluded that "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Id. at 105. The Court noted that an official's indifference could be manifested by a "prison doctor['s] . . . [inappropriate] response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care." Id. at 104-05. The Court was careful to caution, however, that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. at 106. For example, "an inadvertent failure to provide

4

adequate medical care" does not violate a prisoner's rights. Id. at 105.

In order to succeed in a medical indifference claim, a plaintiff must satisfy both objective and a subjective components of the deliberate indifference standard. Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1186 (11th Cir. 1994). To satisfy the objective component, a plaintiff must show that his medical need is serious, or that the need "has been diagnosed by a physician as mandating treatment" or "is so obvious that even a lay person would easily recognize the need for a doctor's attention." Id. at 1187. For the subjective component, a plaintiff must show that the defendant possessed "knowledge of the need for medical care" and displayed "the intentional refusal to provide that care." Id. at 1186.

With regard to the objective component, defendants do not dispute the contention that plaintiff suffers from hepatitis C. While the National Institute of Health has recommended that a person be treated for hepatitis if the person has a positive RNA test, a biopsy indicates significant liver damage, or the blood has elevated levels of the enzyme ALT, "doctors continue to debate who should be treated. . . . [A] doctor may decide against medical treatment because of [the patient's] long-term risk of developing a serious disease is slight and the side effects of treatment can be severe." Diseases and Conditions: Hepatitis C, at http://mayohealth.org (Dec. 8, 2005). Evidence concerning the progression of plaintiff's hepatitis C has not been sufficiently presented to the Court, and it is beyond the erudition of this Court to evaluate plaintiff's need for medical treatment.

Regarding the subjective component, the record indicates that plaintiff *was* treated for hepatitis C. In his July 24, 2003, grievance, plaintiff complains that Dr. Saad

5

discontinued one of the medications he was receiving. In denying plaintiff's grievance appeal, the Georgia Department of Corrections stated that plaintiff's "medications were updated and labs were ordered." Two medications were discontinued because the doctor determined them not to be medically necessary. Def. Ex. 1-C. If the discontinuance of the medications caused plaintiff significant medical problems, plaintiff did not mention them either in his subsequent grievance or on his "Inmate Counselor Request Form," which was submitted on September 8, 2003, just over one month after his grievance on the issue was denied.

In plaintiff's second grievance, filed September 8, 2004, he seeks to have a biopsy performed on his liver to determine the appropriate treatment for his condition. His grievance was denied because he did not meet Department of Corrections guidelines for eligibility to have the test performed. According to a response from his counselor dated September 2003, plaintiff's "TPM is within 2 years. His liver enzymes are normal on his last test. We will see him regularly in chronic illness clinic. . . . If his condition changes he might become eligable [sic]." Def. Ex. 2-B.

Assuming *arguendo* that plaintiff's hepatitis C did require medical treatment, the Court must evaluate whether Dr. Saad had knowledge of the need for medical treatment and intentionally refused to provide the treatment, such that his refusal so deviated from professional medical standards as to result in a deliberate indifference to plaintiff's medical needs. The record in this case, the documents submitted by plaintiff in particular, show that plaintiff did receive treatment for hepatitis C. While some medication was discontinued in 2003 and plaintiff was denied a liver biopsy in 2004, plaintiff has not shown that either of

those medical decision constitute the sort of deliberate indifference to his medical needs that are subject to redress in a Section 1983 action. Specifically, he alleges no exacerbation of symptoms since his date of diagnosis in December 2002 that might have resulted from Dr. Saad's indifference to his medical needs.

The mere fact that plaintiff disagrees with the course of treatment pursued by Dr. Saad is not sufficient to state an Eighth Amendment claim. Estelle, 429 U.S. at 107. While plaintiff, under certain circumstances, might maintain a medical malpractice claim against his doctor, plaintiff does not allege facts sufficient to constitute deliberate indifference to his medical needs. Accordingly, his remaining claims regarding medical treatment should be dismissed.

## III. CONCLUSION

Plaintiff's allegations here fail to state a claim on which Section 1983 relief may be granted. Accordingly, the Court **REPORTS** and **RECOMMENDS** that defendant's motion summary judgment motion be **GRANTED**, that plaintiff's complaint be **DISMISSED**, and that judgment be **ENTERED** in favor of defendants.

SO REPORTED and RECOMMENDED this 14th day of December, 2005, in Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

7

# United States District Court
## Southern District of Georgia

MONTGOMERY )

vs )   CASE NUMBER CV604-142

RICH, et al. )   DIVISION STATESBORO

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 12/15/05 , which is part of the official record of this case.

Date of Mailing:   12/15/05

Date of Certificate   [X] same date,   or _____

Scott L. Poff, Clerk

By: _____
Joe Howell, Deputy Clerk

<u>Name and Address</u>

KEVIN L. MONTGOMERY SERVED @ PRISON ADDRESS
EDDIE SNELLING, JR.

[ ] Copy placed in Minutes
[ ] Copy given to Judge
[X] Copy given to Magistrate